NEVÁREZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan.

No. 16.—Decided March 5, 1906.

CANCELLATION—ENTRIES OF ENCUMBRANCES TAKEN FROM THE OLD BOOK OF THE REGISTRY.—Only those entries taken by the registrar of property directly from the old books of the registry can be cancelled by him on his own motion, and not those which appear in deeds presented by the interested parties to be recorded in the modern books of the registry, inasmuch as those may be cancelled only in the manner provided for by article 82 of the Mortgage Law.

ID.—The fact that several entries of encumbrances made in recording a property had been improperly cancelled by the registrar on his own motion cannot bring about the cancellation of other entries made in the record of the same property, provided such cancellation was improper.

The facts are stated in the opinion.

CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorneys Acuña and Méndez on behalf of José Nevárez Landrón, from a decision of the registrar of property of this city, refusing to cancel, in the section of encumbrances, the notice of a mortgage on the "Media Luna" plantation.

In the first record of said estate, made on June 26, 1882, the registrar of property of this city, at that time Julio Romero, noted in the section of encumbrances on said estate a number of mortgages in favor of Gustavo Kacadean, Josefa Ramona Pasalacqua, Macelina Trinidad, Conrado del Valle, the firm of Llompart & Pons, and Miguel Arrechea which appeared as encumbering it in the old registry.

In the second record of the same estate made on the following day for the purpose of recording the mortgage constituted by the purchaser, Ceferino Navárez, in favor of the creditors of the insolvent firm of Ceferino Navárez & Brother,

to which the estate in question belonged, among the mortgage creditors acknowledged in the insolvency proceedings and whom Navárez had agreed to pay, were Marcelino Trinidad Landrón, for her mortgage claim of 12,000 *pesos,* and Josefa Ramona Pasalacqua, for hers of 15,640 *pesos,* which mortgages had been noted in the section of encumbrances in the first record, and María del Valle, as the assignee of her brother, Conrado del Valle, for her mortgage claim of 1,883 *pesos,* emanating from a credit of 4,620 *pesos,* recognized in the section of encumbrances of the said first record.

By a note entered on the margin opposite the first record on October 6, 1894, the registrar of property, at that time Ignacio Beyens, stated that, in pursuance of the provisions of the Royal Order of May 8th of the same year, he had cancelled the notices in the first record of the encumbrances of 9,652.50 *pesos* in favor of Gustavo Kacadean, of 98,200 *pesetas* in favor of Josefa Ramona Pasalacqua, and of 12,000 in favor of Marcelina Trinidad, all of them recorded in the old registry, the credit of Conrado del Valle, also mentioned in the section of encumbrances of the first record of the "Media Luna" estate not having been recorded and it not being stated what the reason of the registrar of property was for not doing so.

Subsequently, that is to say, on September 5th last, José Nevárez Landrón, through Attorney Francisco de Paula Acuña, presented a petition to the registrar of property of this city, in which he alleged that having acquired from José Pons an interest in the ownership of said "Media Luna" estate, which interest he desired to have recorded in his favor and for which purpose he had already presented the proper deed in the registry, and the mortgage credit in favor of Conrado del Valle, noted in the first record of said estate, not having been cancelled, he requested that, in compliance with the provisions of the Royal Order of May 8th, 1894, such notice should be cancelled, in view of the fact that the record had not been transferred from the old to the modern books within

the period which the Mortgage Law had fixed for such records to produce effects to the prejudice of third persons. This petition was denied by the registrar on the grounds set forth in the decision entered at the end of the petition, which reads as follows:

"The cancellation requested in the foregoing petition is denied because the second record of estate No. 38 at folio 206 of the first volume of Toa Baja, made by the same registrar who made the first record, states that the credit to which said petition refers is acknowledged in the section of encumbrances of the first record of the said estate; which indicates that it is not a simple notice entered at the instance of the registrar himself. This is further corroborated by the fact that, upon the cancellation by the registrar himself on October 6, 1894, of a number of notices in the said section of encumbrances, the notice of the credit referred to was not cancelled; and a cautionary notice has been entered of the cancellation sought at folio 202, reverse side, of the said volume and estate, in the margin opposite the first record, which notice shall be effective for a perior of one hundred and twenty days from date. San Juan, Porto Rico, October 16, 1905.—Raul Benedicto, substitute registrar."

From this decision Attorneys Acuña and Méndez took an appeal in due time to this Supreme Court on behalf of José Nevárez Landrón, praying for a reversal of the decision of the registrar, and that he be ordered to make the cancellation requested.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

As among the creditors of the insolvent firm of Ceferino Nevárez y Hermano whom Ceferino Nevárez agreed to pay upon acquiring the "Media Luna" estate in said insolvency proceedings, and in whose favor he constituted the mortgage which is the subject of the second record of said estate, was María del Valle, as the assignee of her brother, Conrado, for her mortgage credit of 1,883 *pesos,* emanating from a credit of 4,620 *pesos,* acknowledged in the section of encumbrances of said first record, the form in which the acknowledgment of

her claim has been made necessarily implies the acknowledgment of the mortgage constituted in favor of the assignor, Conrado del Valle, the cancellation of which cannot be effected in the manner sought by José Nevárez, both on account of the damage which María Nevárez would suffer thereby, since she has her right recorded as the assignee of part of the mortgage credit of her brother Conrado, and because the Royal Orders of May 8 and June 11, 1894, cited by the petitioner in his petitions, only authorize registrars of property to cancel the entries made by the registrars themselves on their own motion directly from the old books of the registry, but not those made from titles presented by the interested parties, for record in the modern book, because the latter may be cancelled at the instance of the registrar only in the manner prescribed in article 82 of the Mortgage Law; that is to say, by the agreement of the persons in interest themselves or of their legal representatives, or by virtue of a final judgment of a court of competent jurisdiction rendered in the proper proceedings.

Although the notices entered in the first and second record of the "Media Luna" estate of the mortgages of Josefa Ramona Pasalacqua and Marcelina Trinidad Landrón, which were in the same condition as that of Conrado del Valle, were cancelled by Registrar Beyens; this circumstance, the reason for which does not appear, can not be alleged as a ground for an order to cancel the latter, if for any reason, as in this case, it is not deemed proper.

In view of the legal provisions cited, the decision of the registrar of property of this city, from which this appeal is taken, is affirmed in so far as it denies the cancellation requested by the petitioner, José Nevárez Landrón, without any special taxation of costs; and it is ordered that the documents presented to the registrar of property of this city be returned with a certified copy of this opinion, for the proper purposes.

It was so ordered by the judges of the Supreme Court.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.